UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-410-FDW

| | |
|---|---|
| MELISSA KENEKEO,<br><br>    Plaintiff,<br><br> vs.<br><br>LAW OFFICE OF VINCENT P. CIGNARALE, LLC,<br><br>    Defendants. | **ORDER AND DEFAULT JUDGMENT** |

  THIS MATTER is before the Court on Plaintiff Melissa Kenekeo's, ("Plaintiff") Motion for Default Judgment (Doc. No. 14). For the reasons set forth below, Plaintiff's Motion is GRANTED.

### BACKGROUND

  On July 5, 2012, Plaintiff filed suit against the Law Office of Vincent P. Cignarale, LLC, ("Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"). (Doc. No. 1). Defendant was served the Complaint on August 15, 2012, and Defendant failed to respond within the applicable time period. The Complaint alleges that Defendant is a "debt collector" defined under the FDCPA and engaged in collection efforts regarding Plaintiff's consumer debt. (Id.) Furthermore, Plaintiff alleges Defendant left voicemails on July 7, 2011, and July 8, 2011, that included language threatening a lawsuit and referring the matter to the police. However, Plaintiff was never served with any lawsuit, and there is no record of any lawsuit or police report having been filed. These actions, Plaintiff alleges, caused her emotional distress.

On December 26, 2012, the Court entered Entry of Default against Defendant. (Doc. No. 6). Defendant did not move to set aside Entry of Default, nor has Defendant appeared in any manner in this case.

**LEGAL STANDARD**

The award of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure, which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted); see also Fed. R. Civ. P. 8(b)(6) ("An allegation-other than one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied."). However, the defendant is not deemed to have admitted conclusions of law, and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan, 253 F.3d at 780 (citations omitted); see also E.E.O.C. v. Carter Behavior Health Servs., Inc., No. 4:09–cv–122–F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141); DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) (a "'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law'") (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515

F.2d 1200, 1206 (5th Cir. 1975)); Arista Records, LLC v. Gaines, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

The Court must examine whether the complaint properly states a claim of a violation of the FDCPA. In re Meadows, 425 B.R. 806 (Bkrtcy. W.D. Va. 2010).

> To establish a prima facie case in an action for violation of the Fair Debt Collection Practices Act, the plaintiff must prove that (1) the defendant was a debt collector, (2) the defendants conduct in attempting to collect debt was prohibited by the Act and (3) the debt was consumer debt.

In re Creditrust Corp., 283 B.R. 826 (Bankr. D. Md. 2002).

When evaluating these elements of proof for FDCPA violations, the "least sophisticated consumer" standard of review is used. United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir. 1996). This standard of review not only protects all consumers, even ones that are not well-trained or knowledgeable with regard to debt practices, but this standard also prevents liability from bizarre interpretations of collection notices. Id. (citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2nd Cir. 1993)). This standard is applied objectively and individual perceptions are irrelevant. Id.

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F.

Supp. 2d 418, 421 (D. Md. 2005).

If the court finds that liability is established, it must then determine damages. <u>Carter Behavior Health</u>, 2011 WL 5325485, at *4 (citing <u>Ryan</u>, 253 F.3d at 780-81; <u>Gaines</u>, 635 F. Supp. 2d at 416-17). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. <u>Id.</u> (citing <u>Lawbaugh</u>, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See <u>E.E.O.C. v. North Am. Land Corp.</u>, No. 1:08–cv–501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

## ANALYSIS

The FDCPA was created because of "the abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692. Thus, 15 U.S.C § 1692 provides guidelines for debt collectors, such as providing notice and contents of the debt as well as prohibiting harassment and other unconscionable tactics.

**A. "Debt Collector" under 15 U.S.C. § 1692a(6)**

As discussed above, in order for the Court to grant a motion for default judgment, a plaintiff must first prove the defendant was a "debt collector" under 15 U.S.C. § 1692a(6). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed . . . ." 15 U.S.C. § 1692a(6). The Supreme Court has held that attorneys may be "debt collectors" pursuant to 15 U.S.C. § 1692a(6). <u>Heintz v. Jenkins</u>, 115 U.S. 291, 294-95 (1995). Here, Defendant is an attorney that

regularly operates as a third-party debt collector. (Doc. No. 1). Therefore, this Court finds Defendant is a "debt collector" as defined in the FDCPA.

**B. Violation of 15 U.S.C. § 1692g regarding the contents of debt validation**

The first violation alleged under the FDCPA is that Defendant failed to provide Plaintiff with debt validation information pursuant to 15 U.S.C. § 1692g. Under 15 U.S.C. § 1692g, a debt collector must send the party a written notice containing:

> (1) the amount of debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt . . . (5) a statement that, upon the consumer's written requires within the thirty day period, the debt collector will provide consumer with the name and address of the original creditor, if different from the current creditor.

In the current case, the initial communications took place between Defendant and Plaintiff on July 7, 2011, and July 8, 2011. These telephone calls lacked most of the requisite information required by 15 U.S.C. § 1692g. In addition, Plaintiff contends Defendant failed to provide a written document satisfying these requisite requirements after the initial phone call. Therefore, this Court finds that Defendant did not provide the proper debt validation information, thus, violating 15 U.S.C § 1692g.

**C. Violations of 15 U.S.C. §§ 1692d(6) and 1692e(11) regarding disclosure**

Telephone calls require a meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6). Debt collectors must also disclose in every communication that the communication is from a debt collector. See 15 U.S.C. § 1692e(11). Meaningful disclosure requires the debt collector "to disclose the caller's name, the debt collection company's name, and the nature of

the debt collector's business." Lynn v. Monarch Recovery Mgmt., No. 11-2824, 2013 WL 1247815, at *10 (D. Md. Mar. 25, 2013) (quoting Baker v. Allstate Fin. Servs., Inc., 554 F. Supp. 2d 945, 949 (D. Minn. 2008)). Here, the voicemail contained the caller's name, "Ms. Robinson," and the debt collection company's name, "The Law Office of Vincent Cignarale."

However, the voicemail did not portray the nature of the debt collector's business. For instance, in Baker, the debt collector's representatives called the debtor, identified themselves by name, and stated they worked for "Allstate." 554 F. Supp. 2d at 950. The court in Baker ruled that providing the company's name was not sufficient to portray the nature of the business. Id. Similarly, in the current case, Ms. Robinson, an employee, indicated she worked for "The Law Office of Vincent Cignarale." Simply providing the name of the business does not necessarily portray the nature of the business, therefore, Defendant failed to provide meaningful disclosure under 15 U.S.C. § 1692d(6).

In addition, all communications must indicate that the communication is from a debt collector that is attempting to collect debt. 15 U.S.C. § 1692e(11). Furthermore, the debt collector must indicate that any "information obtained will be used for that purpose . . . ." Id.; see also Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1081 (E.D. Cal. 2008). Here, Defendant did not indicate that it was attempting to collect debt or that any information obtained would be used to collect debt. Defendant only stated that a claim was filed in its office. Therefore, without a clear indication that the claim filed was an attempt to collect debt, a violation of 15 U.S.C. § 1692e(11) occurred.

**D. Violations of 15 U.S.C. § 1692e regarding false or misleading representations**

The FDCPA provides that a "debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically relevant to this case, a false representation includes a representation or implication that threatens that the matter will be taken to court or the police, when a collector does not intend to do so. See 15 U.S.C. §§ 1692e(2), (4)-(5).

Section 1692e(5) involves "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). This section is violated if "(1) a debtor would reasonably believe that the notices threaten legal action; and (2) the debt collector does not intend to take legal action." Nat'l Fin. Servs., Inc., 98 F.3d at 135. As discussed above, the "least sophisticated debtor" standard is used when evaluating violations of section 1692e(5). In National Financial Services, the court held that letters indicating that a debtor's unpaid account would be referred to an attorney constituted language that involved the threat of legal action. Id. at 136-37. These letters did not specifically state that an action would be filed. Id. at 137.

Here, the telephone calls made by the debt collector would indicate to a reasonable person that legal action was threatened. To an extent, the telephone calls contained more egregious threats than the letters in National Financial Services, because the messages specifically stated the paperwork was being prepared to be filed for a court date as well as to be taken to the local police department. (Doc. No. 15). If the letters in National Financial Services that simply stated that an account would be referred to an attorney constituted a threat of legal action, then the messages stating that an action will be filed similarly constitute a threat of legal action. Accordingly, applying the least sophisticated debtor standard and based on the uncontested facts in this case, Plaintiff reasonably believed the messages contained a threat of legal action.

The Court now turns to the second element of section 1692e(5), which considers the debt collector's intention to file a lawsuit or to take legal action. In National Financial Services, the defendant only discussed the potential of filing lawsuits, but never actually filed one. Id. at 137. Similarly, in the current case, Defendant discussed filing a lawsuit, but Plaintiff has not discovered any records of a filing of a lawsuit or police report. Therefore, Defendant violated section 1692e(5) because Defendant appears to have never intended to file a lawsuit.

Generally, one who violates section 1692e(5), also violates section 1692e(4). Violations of sections 1692e(4) occur if a debt collector threatens that a nonpayment of any debt will result in an arrest without the intent to take such action. See 15 U.S.C. § 1692e(4). For instance, in West v. Costen, the defendant threatened that he would have the debtor personally arrested if the debt was not paid. 558 F. Supp. 564. 577-78 (W.D. Va. 1983). However, the debtor was never arrested, and the court found that the defendant did not present evidence showing the intent to have the debtor arrested. Thus, that defendant was found to have violated section 1692e(4). Id. at 578.

Here, in the current case, Defendant threatened to report the matter to the police. (Doc. No. 15). Thus, under the least sophisticated debtor standard, it is reasonable to assume that Defendant threatened to have Plaintiff arrested by indicating the matter would be reported to the police. In addition, as in West, no evidence was presented to prove Defendant had the intent to have Plaintiff arrested. Accordingly, the Court finds that Defendant violated sections 1692e(4) and 1692e(5) by threatening litigation and arrest without having the intent to do so.[1]

---

[1] The record suggests that only violations of sections 1692e(4) and 1692e(5) are appropriate in this judgment, rather than sections 1692e(7) and 1692e(10), because the telephone messages specifically threatened litigation and arrest.

**E. Violation of 15 U.S.C. § 1692d regarding harassment or abuse**

Harassment under section 1692d prohibits debt collectors from conduct "the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of [a] debt." 15 U.S.C. § 1692d. Generally, when a debt collector makes repeated phone calls, section 1692d may be violated. See Johnson v. BAC Home Loans Servicing, 867 F. Supp. 2d 766, 780 (E.D.N.C Sept. 29, 2011). Here, Plaintiff alleges Defendant made numerous repeated phone calls, including those on July 7 and July 8. Therefore, this Court finds that Defendant harassed Plaintiff by making repeated phone calls with a short time period.

**F. "Consumer Debt" under 15 U.S.C. § 1692a**

Finally, in order to violate the FDCPA, the collection effort must be based upon consumer debt. See Meadows, 425 B.R. at 810. "Consumer" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Here, Plaintiff is a natural person allegedly obligated to pay a debt, therefore, the collection effort by Defendant was based upon consumer debt.

**G. Damages, fees, and costs under 15 U.S.C. § 1692k(a)**

Plaintiff seeks actual and statutory damages under 15 U.S.C. § 1692k for violations of the FDCPA. Plaintiff alleges that the previously discussed violations caused her to suffer from anxiety, fear, and nausea. For these harms, Plaintiff prays for $25,000 in actual damages. Plaintiff, however, who initially filed this action pro se, did not submit a verified complaint, nor has Plaintiff, who is now represented by counsel, submitted an affidavit concerning damages in support of the instant motion for default damages. The time for presenting some evidence to support her claim for actual damages has passed, and Plaintiff has simply failed to provide any

evidence to support her request for $25,000 in actual damages.

The Court, however, does find that statutory damages of $1,000 are appropriate for the violations at issue. This amount is appropriate with regard to "the frequency and persistence of noncompliance by the debt collector . . . ." 15 U.S.C. § 1692k(b)(1). As discussed above, Defendants violated numerous sections of the FDCPA, therefore, statutory damages in the amount of $1,000 are necessary and appropriate.

In addition to damages, costs of the action and attorney's fees may be awarded. 15 U.S.C. § 1692k(3). The attorney's fees requested are reasonable. Therefore, the Court awards Plaintiff $1,315 in attorney's fees and $19.88 in court costs.

## Conclusion

Accordingly, this Court finds that Defendant violated the FDCPA by not providing the proper debt validation information, not giving meaningful disclosure with regard to the debt, and repeatedly leaving messages threatening litigation and police action when Defendant appeared to have no intent to carry out either threat. Therefore, statutory damages in the amount of $1,000, as well as court fees in the amount of $19.88 and attorney's fees in the amount of $1,315 are awarded for a total award of $2334.88.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Default Judgment (Doc. No. 8), is GRANTED. Defendant is ORDERED to pay Plaintiff $2,334.88. The Clerk's Office is respectfully directed to enter judgment in Plaintiff's favor in the amount of $2,334.88 and to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: July 10, 2013

Frank D. Whitney
Chief United States District Judge